# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

---

CHARLES W. MATHER, APPELLANT, v. THE EUREKA
MOWER COMPANY, RESPONDENT.

*Services rendered by a stockholder of a company, while acting as its treasurer —
when no promise to pay him for such services will be implied.*

APPEAL from a judgment upon the report of a referee, entered in
Oneida county.

The action was brought to recover for services rendered by the
plaintiff as the treasurer of the defendant. The plaintiff and his
banking partner and the plaintiff's father, were stockholders at the
time of the organization of defendant.

The court at General Term said: "Plaintiff has recovered
seventy-five dollars, 'the value of the clerical services and book-
keeping performed' by the bookkeeper of plaintiff's firm. He
acted as treasurer for defendant from April, 1884, until May, 1885,
making no claim, while so acting, for compensation as treasurer.
He was a stockholder of defendant and he was a member of the
banking firm of Mather & Co. His uncle, Joshua Mather, the
other member of the banking firm, was a promoter of the organi-
zation of defendant and a stockholder therein, as was also plaintiff's
father. The calls for payments upon the stock were made payable
and paid at said banking firm's office, and that firm secured through
the appointment of plaintiff as treasurer, the account of defendant,
which was wholly kept in plaintiff's firm during his treasurership.
No resolution of the board of directors fixed any salary to the
treasurership. No by-law fixed any salary for plaintiff as treasurer.
By-laws were adopted which did fix salaries of other officers and
the superintendent of defendant, and plaintiff knew of them and
continued to act as treasurer without having any salary paid to him
or fixed by the board or the by-laws. The manner in which the

business of the corporation passed through the hands of the plaintiff was fully developed in the evidence. The referee has found, thereupon, having had power to draw all the conclusions and inferences warranted by it, that 'the personal services of the plaintiff were intended to be gratuitous, and were performed by him without expectation on his part, and without agreement or understanding on the part of the defendant, that he should receive any compensation therefor.' We think there was evidence tending to support such conclusion.

"In *Smith* v. *The Long Island Railroad Company* (102 N. Y., 192), ANDREWS, J., said of a case involving the question here presented, viz.: 'The burden was upon the defendant to establish this defense.' That case differs in some of its features from this one. Plaintiff there was 'neither stockholder nor director of the defendant, and stood in no relation to the company which entitled it to his gratuitous service, or which made it his interest to serve the company without compensation.' Here plaintiff was a stockholder, and his partner in the bank was a stockholder and director. In that case there had been 'a salary to the prior incumbent.' Here there was no prior incumbent. In that case there was 'no apparent reason why a gratuitous service should be rendered or expected.' Here plaintiff's banking firm secured the account of defendant, and had knowledge of its financial affairs through the relation which the plaintiff took towards defendant. While it may be said the evidence is not strong and conclusive that the services were to be gratuitous, we think the question of fact which the referee found for defendant on that branch of the case was supported by evidence favorable to the defendant, and that we ought not to overturn his conclusions upon the whole case. It was for the referee to say whether the implication of the promise was overcome by the evidence.

"In *Maltby* v. *Harwood* (12 Barb., 473), it was said: 'A party is not to be made to promise against his will. Before he can be made liable for services, it must not only appear that services have been rendered, but also that they were rendered in expectation of receiving wages.' The question is one of fact. (*Canovar* v. *Cooper*, 3 Barb., 115).

"In *Pendleton* v. *The Empire Stone Dressing Company* (19 N. Y., 13), in speaking of a similar question, DENIO, J., said: 'We

think, upon the whole, that the question was one of fact suitable to be submitted to the jury.' * * * The referee found the clerical services performed for plaintiff by his clerk, who was also serving the banking firm, were worth seventy-five dollars, and allowed plaintiff to recover therefor. The value of such clerical services and the good faith of plaintiff in regard to the payment were questions of fact we need not review, as they were determined upon conflicting evidence, and as we think rationally by the learned referee."

Judgment affirmed, with costs, against appellant.

*John W. Boyle,* for the appellant.

*Cookingham & Sherman,* for the respondent.

Opinion by HARDIN, P. J.; BOARDMAN and FOLLETT, JJ., concurred.

Judgment affirmed with costs.